LAW *v.* MERRILLS, 6 Wend. 268.
In S. C., reported 9 Cow. 65.

*Evidence of Usury ; Judgment Record.*

ASSUMPSIT on promissory note, and defence of usury.

On the trial in the Common Pleas, the witness called to prove it, gave evidence of some declarations of the payee tending to show that he was receiving, or was to receive, usurious interest by some agreement ; not proving whether made at the time of the loan and giving the note, or subsequently ; and the judge in charging the jury, left the question open to the jury to infer that it related to a time subsequent ;—whereupon the defendant's counsel insisted that the court misunderstood the testimony of the witness, and proposed to recall him to explain, and the court refused to do so, and the plaintiff had a verdict. On writ of error,

The Supreme Court held, that this refusal to recall the witness was good ground for writ of error and reversal : That although the re-examination of the witness was discretionary with the court, yet if the court erred in the exercise of its discretion, it was error.

The Supreme Court also held, that no subsequent agreement being shown, the Common Pleas should have charged the jury that the inference of law was, that the agreement alluded to by the witness, was at the *time* of the contract of loan, and the court not having so charged the jury, it was error. On error brought on this judgment,

The Court of Errors reversed it, and restored the judgment in the Common Pleas, holding that a judgment will not be reversed because the court omitted to charge the jury as to the legal inference arising from the testimony in the case. That to sustain error on the ground that the court neglected to charge the jury upon a question of law arising upon the facts, it must appear by the bill of exceptions, not only that the facts upon which the question was raised, existed, but also that the court was distinctly *requested to instruct* the jury as to the law on that point.

The court also held, that a judgment will not be reversed because it appears from the record, that the jury have only

passed upon the plea of *non-assumpsit*, when there is also a plea of *payment*—the finding of the jury upon the issue under the plea of *non-assumpsit* necessarily negativing the plea of payment.

Nor will the judgment of a subordinate court be reversed for a refusal of that court to grant a new trial.

Judgment of Supreme Court *reversed* accordingly.